# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

### COLUMBIA DIVISION

| | |
|---|---|
| WILLIAM M. MILLER, STEPHEN M. MILLER, MEGA MOTORSPORTS, INC., B&D SUZUKI CYCLE CENTER, INC., AND MARKET STREET HOLDINGS, LLC., <br><br>Plaintiffs, <br><br>v. <br><br>LARRY SERUYA AND CHERYL SERUYA, <br><br>Defendants And Third-Party Plaintiff (Larry Seruya), <br><br>v. <br><br>PEGGY M. MILLER, <br><br>Third-Party Defendant. | Civil Action No. 3:04-22524-BM <br><br><br><br>**ORDER** |

This action has been filed by the Plaintiffs asserting claims for breach of contract and violation of the South Carolina Uniform Securities Act. A status conference was held before the undersigned on April 27, 2005, to discuss pretrial matters. The Court noted that several motions were pending, and after some discussion it was resolved that a hearing on these motions would be scheduled for sometime in July or August 2005.

The Court also notes that discovery is presently scheduled to be completed by no later

1

than December 11, 2005, with any dispositive motions to be filed by no later than December 26, 2005. The Court finds that mediation would be appropriate in this case, and the scheduling order currently in place is therefore amended to provide that mediation pursuant to Local Civil Rules 16.04 - 16.12 shall be completed in this case on or before January 20, 2006. *See* Attached form setting forth mediation requirements. At least **thirty (30) days prior to this mediation deadline**, counsel for each party shall file and serve a statement certifying that counsel has: (1) provided the party with a copy of the mediation requirements; and (2) discussed the timing of mediation with opposing counsel.

The dispositive motions deadline is hereby moved to February 20, 2006.

**IT IS SO ORDERED.**

s/ BRISTOW MARCHANT
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

April 28, 2005

2

IN THE UNITED STATES DISTRICT COURT  )  MEDIATION REQUIREMENTS
FOR THE DISTRICT OF SOUTH CAROLINA  )

Mediation is to be scheduled and completed in all cases, including those cases involving unrepresented parties. Mediation shall be completed by the date indicated in the scheduling order. A Mediation Initiation Form is attached for your use. Upon completion of the mediation, counsel shall advise the Court in writing only that the mediation has occurred, the date of the mediation, whether the case was settled in whole or in part, and whether a trial is required.

The parties should select a mediator consistent with Local Rule 16.06 D.S.C. A roster of certified mediators is available from the Clerk of Court or may be accessed under the Mediation heading at http://www.scd.uscourts.gov/cases.htm.

All parties and their lead trial counsel, having authority to settle and to adjust pre-existing settlement authority if necessary, are required to attend the mediation in person unless excused by the Court for good cause shown. Insurer representatives with decision-making authority also are required to attend in person, unless excused by the Court, if their agreement would be necessary to achieve a settlement. Every person who is excused from attending in person must be available to participate by telephone, unless otherwise ordered. At the mediation, parties, their insurer representatives and their primary trial counsel should be prepared to participate in a mutual, good faith effort to negotiate a fair and reasonable settlement. All necessary discovery should be completed prior to mediation. Lack of discovery or settlement authority is no excuse for failure to appear and/or participate. See Local Rule 16.09 D.S.C.

This form has been provided to all counsel of record and to all pro se parties. Counsel are responsible for notifying and ensuring the presence of parties and insurer representatives as described above. If a case has been mediated previously, counsel shall notify the Court immediately in writing.

Communications made in connection with or during the mediation are confidential and protected by Federal Rule of Evidence 408 and Federal Rule of Civil Procedure 68. If a settlement is not reached at mediation, settlement discussions are neither admissible at trial nor to be disclosed to the presiding judge. See Local Rule 16.08(C) D.S.C.

If any reason exists why any party or counsel should not participate in this mediation, the Court is to be advised of these reasons in writing immediately.

Any questions concerning the selection of a mediator or the mediation process generally should be referred to the court's ADR Program Director, Danny Mullis, at (843) 579-1435.

Bristow Marchant
United States Magistrate Judge

3